# IN THE COURT OF APPEALS OF IOWA

No. 4-001 / 11-1894
Filed February 5, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RACHEL ELIZABETH CLAY,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, James D. Coil,

District Associate Judge.


        A defendant appeals her sentence following the revocation of her deferred

judgment.  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Robert Ranschau, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Bridget A. Chambers, Assistant

Attorney General, Thomas J. Ferguson, County Attorney, and Shana Guthrie,

Assistant County Attorney, for appellee.


        Considered by Danilson, C.J., and Vaitheswaran and Mullins, JJ.

**MULLINS, J.**

Rachel Clay appeals the district court's sentence following the revocation of her deferred judgment.  Clay was originally granted a deferred judgment following her guilty plea to domestic abuse assault.  She was placed on probation and a no-contact order was put into place.  Approximately five months later, she again assaulted her now ex-husband.  This incident resulted in the court holding Clay in contempt for the violation of the no-contact order, the revocation of her deferred judgment, and a new conviction for a second domestic abuse assault.

The court combined the sentencing on all three convictions.  With respect to the appeal at hand, the court ordered Clay to serve one year in jail, with all but seven days suspended, on the first domestic abuse conviction, placing Clay on probation for two years and imposing the minimum fines and surcharges.  All sentences were to run concurrently, and the court gave Clay until April 1, 2012, to serve the sentences so that she could use either her Christmas vacation or spring break.

Clay appeals only the sentence imposed on the revocation of her deferred judgment, arguing the court failed to give sufficiently specific reasons for the sentence imposed.  Our review of a district court's sentence is for an abuse of discretion.  *State v. Barnes*, 791 N.W.2d 817, 827 (Iowa 2010).  Iowa Rule of Criminal Procedure 2.23(3)(d) requires a sentencing judge to state the reasons for a particular sentence on the record.  "'Although the reasons need not be detailed, at least a cursory explanation must be provided to allow appellate

review of the trial court's discretionary action.'" *Barnes*, 791 N.W.2d at 827 (citing *State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000)).

Because the sentencing was combined in this case, the court provided one explanation for all sentences imposed. The court stated the following reasons on the record:

> Miss Clay, I believe the sentences are appropriate based upon the nature and circumstances of these offenses, as well as you as an offender, as well as the, I guess, statutory minimum requirement that the (untranslatable) has set for violations of no-contact orders and assault domestic abuse charges. Miss Clay, I don't think you're a bad person. You do have two absolutely wonderful children. I saw them testify. They were truthful. They were just pleasant to have in my courtroom, and I wish they weren't here under these types of circumstances. But they appear to be very wonderful children. And I guess I've taken that in part in my decision in considering the sentence in this case.
> It's obviously been difficult on them as far as the divorce and as far as these criminal charges and having to testify as well. But it's my hope, Miss Clay, you will be able to fulfill all of the conditions of your sentencing, that you and Mr. Clay will be able to set aside any (untranslatable) that you have and co-parent these two wonderful children in a manner that will be the least disruptive to them.
> Whatever feelings you or Mr. Clay harbor for one another, I hope you won't allow that to affect how you parent these two children . . . . So for all of those reasons I believe that this sentence is appropriate in this case.

The court took into consideration Clay's personal situation and characteristics, and the impact the abuse and the sentence have on the children involved. The court also took into consideration Clay's work and school commitments in allowing her to serve her seven-day jail term when it was most convenient for her. We conclude the court adequately stated on the record the reasons for imposing the sentence on the revocation of the deferred judgment.

**AFFIRMED.**